IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  23-151 |
| | : | |
| TEXAS CHICKEN INC. | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                                   **March 2, 2023**

*Pro se* Plaintiff Natasha Collins filed an Amended Complaint wherein she asks the Court to compel Defendant Texas Chicken, Inc. to pay her $23,848.61, the amount of an arbitration award she won in 2019.  Ms. Collins seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Ms. Collins leave to proceed *in forma pauperis* and dismiss her Amended Complaint without prejudice for lack of subject matter jurisdiction.[1]

**I.       FACTUAL ALLEGATIONS**

Ms. Collins's allegations are brief.  She states that in 2019 she received an arbitration award from Texas Chicken Inc. in the amount of $23,848.61.  (Am. Compl. at 3.)[2]  The underlying action involved "slip and fall negligence."  (*Id*.)  Ms. Collins refers to the December 5, 2019 "Report and Award of Arbitrators," which she attached to her original Complaint.  (*Id*. at 3; ECF No. 1 at 4.)  The Report and Award of Arbitrators is signed by three arbitrators and

---

[1] Ms. Collins initiated this action by filing a one-page letter with two attachments.  (ECF No. 1.)  Although the letter and attachments were deficient as a formal complaint in several respects, the Clerk of Court treated the letter as a complaint and opened this civil action.  In a February 2, 2023 Order, the Court directed Ms. Collins to file an Amended Complaint that complies with the Federal Rules of Civil Procedure.  (ECF No 3.)  Ms. Collins returned with the Amended Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

references the case, *Collins v. Texas Chicken, Inc., et al.*, No. 0005, March 2019 Term.  (ECF No. 1 at 4.)  It states that the arbitrators "[f]ind in favor of Plaintiff, Defendants having failed to appear" and awards Ms. Collins a total amount of $23,848.61.  (*Id.*)  Ms. Collins alleges that Texas Chicken has not yet paid her any amount of the arbitration award.  (Am. Compl. at 3.)  She brings this action requesting "the Court to make Texas Chicken Inc." pay her $23,848.61.  (*Id.* at 4.)

## II.   STANDARD OF REVIEW

The Court grants Ms. Collins leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  As Ms. Collins is proceeding pro se, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Ms. Collins requests the Court to compel Texas Chicken to pay her $23,848.61 in satisfaction of the December 5, 2019 arbitration award.[3]  The Court understands Ms. Collins to be requesting the Court to enforce or confirm the arbitration award against Texas Chicken under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*.  The FAA authorizes district courts to confirm, vacate, or modify arbitration awards under 9 U.S.C. §§ 9-11.  Specifically, § 9 relates to enforcement of arbitration awards and provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Ms. Collins does not provide, or allege any facts about, an arbitration agreement with Texas Chicken.  Even assuming the existence of such an agreement, the Court lacks jurisdiction to grant Ms. Collins the relief she requests.  The United States Supreme Court has held that applicants seeking federal court confirmation of arbitration awards must establish an "independent jurisdictional basis [on] the face of the application itself." *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022).  Federal district courts have jurisdiction over "two main kinds of cases." *Id*. at 1315-16.  First, "[d]istrict courts have power to decide diversity cases—suits

---

[3] Ms. Collins only names Texas Chicken as a Defendant in this case.  The Report and Award of Arbitrators reveals that Texas Chicken was one of three defendants in the underlying arbitration.  (*See* ECF No. 1 at 4.)

3

between citizens of different States as to any matter valued at more than $75,000." *Id*. at 1316. Second, district courts "have power to decide federal-question cases—suits 'arising under' federal law." *Id*. (citing 28 U.S.C. § 1331). While the FAA authorizes parties to an arbitration agreement to file a federal action requesting confirmation of an arbitration award, the FAA provision permitting this does not itself "support federal jurisdiction." *Id*.; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) (observing that the FAA "bestow[s] no federal jurisdiction" on federal courts "but rather require[s] an independent jurisdictional basis"). In other words, the application to confirm the arbitration award itself (or here, the Amended Complaint, including accompanying exhibits)[4] must allege an independent basis for the Court's jurisdiction.

Nothing in the Amended Complaint or referenced Report and Award of Arbitrators suggests that the arbitration involved an issue arising under federal law. Accordingly, the only independent basis for jurisdiction over Ms. Collins's state law claims is diversity jurisdiction under 28 U.S.C. § 1332(a). If the request to confirm the arbitration award shows that the "parties [to the arbitration] are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction." *Badgerow*, 142 S. Ct. at 1316. Ms. Collins alleges that she is a citizen of Pennsylvania and that Texas Chicken is a citizen of Georgia. (Am. Compl. at 3.)[5] Accepting Ms. Collins's allegations as true, the parties appear to be diverse. However, the

---

[4] Although Ms. Collins attached the Report and Award of Arbitrators to her original Complaint and not to the Amended Complaint, the Court considers it for purposes of screening the Amended Complaint.

[5] An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1).

Court nevertheless lacks jurisdiction because the amount at issue ($23,848.61) is significantly less than the jurisdictional amount required to confer diversity jurisdiction ($75,000). Accordingly, the Court lacks subject matter jurisdiction over this case.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Ms. Collins leave to proceed *in forma pauperis* and dismiss her Amended Complaint without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A final Order follows.